## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTH DISTIRCT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| AVERY LEE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| SCALES 925 ATLANTA, LLC, | ) | |
| | ) | JURY TRIAL REQUESTED |
| DEFENDANTS. | ) | |
| _____ | ) | |

## COMPLAINT

NOW COME, Plaintiff, Avery Lee, and hereby file this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, compensatory damages, for Defendant's violation of the FLSA. Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b).  Plaintiff states as follows in this matter:

## I.     JURISDICTION AND VENUE

### 1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the

laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Based upon Plaintiff's information and belief, Defendant, Scales 925 Atlanta, LLC, is a domestic Limited Liability Corporation registered in the State of Georgia, with a principal place of business of 30 Ivan Allen Jr. Boulevard, Atlanta, Georgia 30308.

4.

Service of process for Scales 925 Atlanta, LLC can be effectuated through its registered agent Charles Hughes at 30 Ivan Allen Jr. Boulevard, Atlanta, Georgia 30308.

5.

The cause of action set forth in this Complaint arose within this jurisdiction.

II.   PARTIES

6.

Plaintiff, Avery Lee, is an adult resident citizen of DeKalb County, Georgia.

7.

At all times relevant to this Complaint, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1).

8.

At all times relevant, Defendant employed the Plaintiff to perform labor for its benefit and made employment and compensation related decisions regarding the Plaintiff in this District.

9.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendant.

10.

Defendant, Scales 925 Atlanta, LLC, lists its principal office address as 30 Ivan Allen Jr. Boulevard, Atlanta, Georgia 30308.  Upon information and belief, Defendant is a domestic Limited Liability Corporation conducting business within the State of Georgia and within this district.

11.

Defendant describe its business as Atlanta's newest culinary experience– a restaurant that wants to be known for it's offering of a brilliant and unexpected mix of southern cuisine, stunning design and an unforgettable experience.

12.

Defendant is engaged in interstate commerce for purposes of the FLSA.

13.

Upon information and belief, Defendant's gross sales are in excess of $500,000 per year.

14.

Defendant directed Plaintiff to individually engage in interstate commerce.

15.

Plaintiff as part of his job duties regularly engage in interstate commerce.

16.

Defendant is an employer within the meaning of 29 U.S.C. §203(d) and is not exempt from the FLSA.

## III.   FACTUAL ALLEGATIONS

17.

Plaintiff, Avery Lee ("Lee"), is an adult resident of the State of Georgia. Lee was employed by Defendant since May, 2015.

18.

As an hourly employee, Plaintiff was entitled to full pay for each hour worked and overtime for any time worked over forty (40) hours per week.

19.

Plaintiff was employed in a position that involved interstate commerce as defined by the FLSA and/or employed in an enterprise that engaged in interstate commerce.

20.

Upon information and belief, Defendant classified Plaintiff as hourly nonexempt employees, compensating him on an hourly basis.

21.

Defendant employed Plaintiff as a Bar Manager; however, during that same time, Defendant also employed Plaintiff as a Bar Tender.

22.

Defendant classified Plaintiff as nonexempt full-time employee, electing to pay him hourly basis at a rate of $7.50 per hour when working as a Bar Manager and $2.13 per hour plus tips when he is working as a Bar Tender pursuant to section 3(m) of the FLSA.

23.

On a regular and reoccurring basis, Plaintiff was required by Defendant to perform duties of his position in excess of forty (40) hours per week.

24.

In fact, Plaintiff works seven (7) days a week and would average between seventy-five (75) to eighty-five (85) hours per week, during times relevant.

25.

Despite submitting these hours for compensation, Defendant failed to pay Plaintiff the overtime premium, electing to pay him only the straight time for the hours worked over forty (40) at times and at other times pay a rate less than the straight time pay.

26.

Plaintiff alleges that Defendant intentionally failed to pay the premium rate of pay for those hours worked in excess of forty (40) in a workweek and electing to pay only the regular rate of pay.

27.

Plaintiff also alleges that Defendant engaged in a practice of time shaving by manipulating the hours worked as well as the relevant pay rate based on the type of work performed.

28.

Plaintiff often worked shifts for large parties where he received no compensation.

29.

During the tenure of Plaintiff's employment, Plaintiff complained to the Defendant that he was not being compensated correctly and was not receiving overtime wages.

30.

Plaintiff's complaint regarding his compensation to his employer constituted protective activity pursuant to the FLSA.

31.

In response to Plaintiff's complaints exercising his rights under the FLSA, Plaintiff was told that the Company simply did not pay overtime.

32.

In close proximity to the complaint about his pay, or engaging in protected activity, Plaintiff was subjected to a suspension from work in retaliation for his complaint regarding overtime pay.

33.

Thereafter, Plaintiff was further subjected to retaliation by being constructively discharge, as the Defendants simply stopped scheduling him for work.

34.

During Plaintiff's employment with Defendant as an hourly employee, Defendant willfully and knowingly failed to fully compensate Plaintiff for all hours worked at both the straight time and overtime for those house worked in excess of forty (40).

35.

During Plaintiff's employment with Defendant as an hourly employee, Defendant willfully and knowingly failed to pay the Plaintiff for all hours worked and failed to pay Plaintiff at the correct applicable rate of pay based on the type of work performed.

36.

Defendant has willfully failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff at the premium overtime rate for each hour over forty (40) hours he worked per week.

37.

Defendant has willfully failed to comply with the minimum wage provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff for all hours worked.

38.

Defendant has failed to keep accurate time records for the Plaintiff in conformity with the FLSA.

39.

Defendant has created a false record of the true hours worked by manipulating the time records.

40.

Defendant has failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

41.

Defendant knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA.

42.

This action is brought to recover unpaid compensation, in the form of wages, for an hourly employee, who performed work involving interstate commerce and/or work for an enterprise engaged in interstate commerce without being paid for it, failure to pay daily minimums, and/or without being paid the premium for hours worked in excess of forty (40) per week.

43.

Upon information and belief, Defendant has negligently, intentionally and repeatedly manipulated its records to reflect Plaintiff was working less hours then actually worked.

44.

As a result of the Defendant's violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA.

45.

Plaintiff is entitled to the amount of unpaid wages and are also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment and post judgment interest.

46.

Defendant has not made a good faith effort to comply with the FLSA.

47.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

48.

Plaintiff has no plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

## IV. COUNT ONE: CLAIM FOR VIOLATIONS OF THE FLSA - FAILURE TO PAY OVERTIME

### 49.

Plaintiff incorporate by reference paragraphs 1 – 48 as if full set forth herein.

### 50.

The Defendant has willfully failed to compensate Plaintiff for overtime hours worked during his employment at the premium rate.

### 51.

Defendant, by such failure, have willfully violated the provisions of the FLSA.

### 52.

Defendant has failed to keep adequate records of all time worked by Plaintiff.

### 53.

Defendant, by such failure, has willfully violated the overtime provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.   Payment of all wages Plaintiff should have received under the FLSA, but for Defendant's willful violation;

B.    Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C.    Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.    All reasonable costs and attorneys' fees pursuant to the FLSA.

## V.    COUNT TWO: CLAIM FOR VIOLATIONS OF THE FLSA – TIME SHAVING

54.

Plaintiffs incorporate by reference paragraphs 1 – 53 as if fully set forth herein.

55.

Defendant willfully failed to compensate Plaintiff for all time worked.

56.

Defendant has failed to keep adequate records of all time worked by Plaintiff and has manipulated the hours worked.

57.

Defendant has willfully and knowingly violated the provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.    Payment of all wages Plaintiff should have received under the FLSA, but for Defendant's willful violation;

B.    Payment of an equal amount of liquidated damages pursuant to the FLSA;

C.    Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.    All reasonable costs and attorneys' fees pursuant to the FLSA.

## VI.   COUNT THREE: CLAIM FOR FAILURE TO PAY MINIMUM WAGE.

58.

Plaintiff incorporates by reference paragraphs 1 – 57 as if fully set forth herein.

59.

Defendant willfully failed to compensate the Plaintiff at the applicable hourly rate based on the type of work performed.

60.

Defendant has failed to ensure Plaintiff earned at least the minimum wage for all work performed.

61.

Defendant has failed to ensure that tipped employees who perform tipped and non-tipped jobs earn the applicable minimum wage.

62.

Defendant has willfully and knowingly violated the provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.     Payment of all wages Plaintiff should have received under the FLSA, but for Defendant's willful violation;

B.     Payment of an equal amount of liquidated damages pursuant to the FLSA;

C.     Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.     All reasonable costs and attorneys' fees pursuant to the FLSA.

**VII.   COUNT SIX: CLAIM FOR RETALIATION 29 U.S.C. §215(a)(3).**

63.

Plaintiff incorporate by reference paragraphs 1 – 62 as if fully set forth herein.

64.

During the course of his employment with Defendant, Plaintiff made a complaint to the Defendant regarding his rights pursuant to the FLSA.

65.

Oral complaints to an employer constitute protected active pursuant to the FLSA.

66.

Within a short proximity of time to Plaintiff engaging in protected activity, Plaintiff was subjected to retaliation.

67.

Other similarly situated employees, who had not engaged in protected activity pursuant to the FLSA, were not subjected to similar actions by the Defendant, thus Plaintiff was subjected to disparate treatment.

68.

Pursuant to 29 U.S.C. §215(a)(3), Defendant is prohibited from discriminating against Plaintiff for engaging in protective activity pursuant to the FLSA.

Case 1:15-cv-04127-ELR   Document 1   Filed 11/25/15   Page 16 of 17

69.

Plaintiff has suffered and continues to suffer grave and sever mental anguish and emotional distress, actual damages to each his financial welfare, his employment prospects, and damage to his reputation in the community in which he lives and works.

WHEREFORE Plaintiff prays for the following relief:

A.    Actual damages, including reimbursement for lost wages;

B.    Future wages for loss of income;

C.    Prejudgment and Post Judgment interests;

D.    Liquidated damages pursuant to 29 U.S.C. 216 (b);

E.    Compensatory damages including mental anguish and emotional distress;

F.    Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

Respectfully submitted, this 25th  day of November, 2015.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

/s/ Christopher D. Vaughn_____
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
Frank DeMelfi, Esq.
Georgia Bar No. 320128
A. Brian Henson, Esq.
Georgia Bar No. 747269

246 Sycamore Street Suite 150
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295